IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Louis Hopkins on behalf of himself and other similarly situated,** | : : : |
| Plaintiff, | : Case No. 16-cv-0552 : |
| v. | : Judge Timothy S. Black : |
| **U.S. Bancorp, a Delaware for Profit Corporation, and U.S. Bank National Association, a foreign corporation,** | : : : : |
| Defendants. | : : |

### DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants U.S. Bancorp, a Delaware for Profit Corporation, and U.S. Bank National Association, a foreign corporation ("U.S. Bank") hereby move this Court to dismiss Plaintiff's Complaint with prejudice. The reasons in support of this Motion are more fully set forth in the attached Memorandum in Support.

WHEREFORE, U.S. Bank respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice

Respectfully submitted,

*s/ Tracy Stott Pyles*
Tracy Stott Pyles (0074241)
tpyles@littler.com
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: 614.463.4217

Andrew J. Voss (MN 0241556)

2

*admitted pro hac vice*
avoss@littler.com
Anthony de Sam Lazaro (MN 0390802)
*admitted pro hac vice*
adslazaro@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center,
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

***ATTORNEYS FOR DEFENDANTS U.S. BANCORP AND U.S. BANK NATIONAL ASSOCIATION***

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

In this purported class action, Plaintiff Louis Hopkins has asserted a breach of contract claim against Defendants U.S. Bancorp and U.S. Bank, N.A. (collectively "U.S. Bank" or "the Bank"), claiming that U.S. Bank failed to pay him and other hourly workers consistent with its contractual obligations in certain years between 2000 and 2016. Hopkins does not expressly reference any particular documents in his Complaint that set forth the terms of this enforceable contract that he alleges U.S. Bank has breached, but he does describe in general terms that U.S. Bank failed to pay him consistent with the parties' "agreement." The documented terms of Hopkins's employment, accordingly, and U.S. Bank's pay practices with respect to its hourly non-exempt employees, lie at the core of this payroll dispute. Based upon these "agreements," as incorporated into the pleadings by reference, Hopkins has simply mischaracterized the terms of his compensation in an effort to manufacture a contract-based, class-wide cause of action that does not exist – as a matter of law. U.S. Bank paid Hopkins in accordance with its published pay practices, and in a manner perfectly consistent with the terms of his employment. Accordingly, his Complaint must be dismissed.

**II.      BACKGROUND**

  **A.      Louis Hopkins's Employment with U.S. Bank**

Plaintiff Louis Hopkins began working for U.S. Bank in July 2012 as a debt collector. (Complaint, Doc. #1, ¶ 18.) He alleges that he "was paid an hourly wage," which ranged "between $15 and $19 per hour worked." (*Id.*, ¶ 20.) The nature and form of Hopkins's compensation are, in fact, set forth in an Offer Letter dated June 20, 2012,[1] which described the

---

[1] As set forth below, on a Rule 12(b)(6) motion, the Court may consider exhibits attached to or referenced in the pleadings when they are central to the claims. *Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708,

3

terms of his employment with U.S. Bank, advising that he would be paid at the following rate: "**Salary:** $32,614.40 Annually, $15.68 Hourly." (Declaration of Jeffrey Sippola ["Sippola Decl."], Exhibit 1, emphasis in original.) The letter also advised that Hopkins would be considered "Non Exempt," meaning that he would be overtime-eligible. (*Id.*) Finally, the Offer Letter included the following language:

> This letter does not create a contract of employment. Your employment with U.S. Bank will be at will and may be terminated by you or by U.S. Bank at any time, with or without notice, for any reason. <u>In addition, the terms of your employment, compensation or benefits may change at any time, without advance notice or consent</u>.

(*Id.* [underlining added].)

### B. Hopkins's Allegations and U.S. Bank's Semi-Monthly Pay Policy

Hopkins's allegations focus on a period of time "prior to 2016" when hourly employees at the Bank were paid on a semi-monthly[2] basis, meaning that every employee received 24 paychecks in the year. (Complaint, ¶¶ 36-37.) As set forth in U.S. Bank's payroll policy, entitled "How Payroll Computes a Paycheck" ("the Payroll Policy"), and as referenced in Hopkins's pleadings, *see id.*, ¶¶ 37-40, 47, U.S. Bank paid its exempt and nonexempt regular part-time and full-time employees a <u>uniform base salary</u> each pay period, regardless of the number of days in the pay period. (Sippola Decl., Exh. 2 ["The base salary is the same regardless of the number of days in the pay period."].) Under the Payroll Policy, this "standard hours" calculation was equal to 1/24th of an employee's base annual salary, representing 86.67 semi-monthly "salary hours." (*Id.*) In other words, rather than calculating an hourly employee's annual pay by multiplying the number of regular work hours in the year by their hourly rate (as

---

719 (S.D. Ohio 2013) (*citing Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir.1997)).
   [2] The Complaint actually alleges that employees were paid "semi-annually" (*see* Complaint, ¶ 36), but that reference is plainly a typographical error.

Hopkins's proposed theory suggests), the Payroll Policy expressly sets an annual base salary for both exempt and non-exempt employees first, and then divides that salary equally over 24 pay periods in the year for payroll purposes. (*Id.*) Each pay check includes that portion of the "base salary" that is "computed using the standard semi-monthly hours [86.67 semi-monthly salary hours for an employee working 40 standard weekly hours] for the pay period[,]" regardless of the number of hours actually worked. (*Id.*)

For non-exempt employees, the Payroll Policy also provides for payment for "exception time," representing "the difference between the standards hours [compensated by base salary paid semi-monthly, as discussed above] and the hours actually worked in a previous week." (*Id.* [underlining added].) Adjusting a non-exempt employee's paycheck for exception time in this way allows for the payment of (1) additional straight time hours worked in excess of the standard weekly hours during the pay period, and (2) overtime compensation for hours worked in excess of the statutory threshold. (*Id.*) Exception time also permits deductions when the employee only works part of the pay period. (*Id.*)

Straight time hours in excess of the "standard hours" that have been compensated by a salary must be paid at an hourly rate, and accordingly, Hopkins Offer Letter identifies a pre-determined hourly rate for such calculations. (Sippola Decl. Exh. 1.) When Hopkins (or any other 40-Hour employee, as set forth in the Payroll Policy) works more than 40 hours in a week and is therefore entitled to overtime pay, this established "hourly rate" is used to determine how much additional pay is required. (Sippola Decl. Exh. 2.) Using the "standard hours" calculation and 2,080 hours in a year, an employee earning $32,614.40 annually has an effective hourly rate of $15.68 (*see* Sippola Decl. Exh. 1), and would earn $23.52 for overtime hours. Hopkins's claim focuses on "years where there are 2088 or 2096 working hours," *see* Complaint, ¶ 44, but

5

if U.S. Bank were to re-calculate the effective hourly rate in a year with a presumed 2,088 hours of work, the employee's effective hourly rate would be $15.62, and he would earn $23.43 per hour overtime. As a result, and by assuming each year has the lower 2,080 working hours, U.S. Bank consistently pays overtime at the highest possible rate (premised on an annual salary and "standard hours," to avoid any doubt that it properly compensates nonexempt employees for overtime.

### III. LEGAL ARGUMENT

#### A. The Standard of Review

A Complaint may be dismissed if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 (2009). Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Limited Partnership v. Flagstar Bank*, 2013 U.S. App. LEXIS 16798, *3 (6th Cir. August 2, 2013). While Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Therefore, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*, *quoting Twombly*, 550 U.S. at 555. Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 557.

In determining whether a Complaint meets this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus, pleadings, such as Hopkins's

6

Complaint, that merely recite conclusions of law or elements of a cause of action are insufficient to satisfy the aforementioned pleading requirements. *See*, *e.g.*, *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (affirming dismissal of the plaintiff's complaint because its "formulaic recitation" of the elements of its claim was not enough to state a cause of action). This pleading requirement serves a vital function in that "[i]t prevents plaintiffs from launching a case into discovery – and from brandishing the threat of discovery during settlement negotiations – 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *16630 Southfield Limited Partnership,* 2013 U.S. App. LEXIS 16798 at *6, *quoting*, *Twombly*, 550 U.S. at 558.

    **B.**    **Hopkins's Offer Letter and the Payroll Policy Are Central to His Claim and Are Properly Considered as Part of the Pleadings**

While Courts ordinarily do not consider matters outside the pleadings when reviewing Rule 12(b)(6) motions, they certainly consider documents or other evidentiary materials that are expressly referenced in the pleadings and are central to the plaintiff's claims – even when they are not attached to the pleadings themselves. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir.1997); *Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 719 (S.D. Ohio 2013). Hopkins's claim sounds in contract, but he has not attached any documents or agreements to the pleadings upon which he has premised this cause of action. Hopkins has, however, referenced the terms of his employment, which are set forth in the Offer Letter. (Sippola Decl. Exh. 1.) He also references U.S. Bank's Payroll Policy, which is set forth in writing and available to all employees. (Sippola Decl. Exh. 2.) These are the only documents which could conceivably describe the terms of Hopkins's compensation agreement with U.S. Bank, even assuming these documents could be described as enforceable contracts. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) ("the defendant may submit an

7

authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment."). They are properly considered here in the Court's evaluation of whether Hopkins has actually stated a breach of contract in his Complaint.

        C.    **<u>Hopkins Fails to Sufficiently Plead the Breach of Any Contractual Obligation</u>**

Hopkins's Complaint alleges solely a common law breach of contract claim. "Ohio courts recognize that a breach of contract action is 'pleaded by stating the terms of the contract, performance of plaintiff's obligations under the contract, breach by the defendant, consideration and damages.'" *Offill v. Pennsylvania Life Ins. Co.*, 243 F.R.D. 276, 281 (S.D. Ohio 2007) (*quoting Landskroner v. Landskroner*, 154 Ohio App.3d 471, 481, 797 N.E.2d 1002 (2003)). In order to survive a motion on the pleadings, Hopkins must at least allege sufficient facts to meet this standard.

Initially, Hopkins's Complaint fails to identify or attach a single document, policy, or procedure giving rise to any contractual obligations, nor do his pleadings identify any individual who made these contractual promises. By itself, this failure to sufficiently plead mandates dismissal of his breach of contact claim. *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 521-22 (6th Cir. 2012) ("it is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."); *Wamen v. Goodyear Tire & Rubber Co.*, 2014 WL 185901, at *3 (N.D. Ohio Jan. 15, 2014), aff'd, 580 F. App'x 457 (6th Cir. 2014) (same).[3]

Hopkins's Complaint also fails to identify any term of an alleged contract entitling him to

---

[3] Indeed, the only document Hopkins may have attached is his June 20, 2012 Offer Letter, which explicitly states it is not a contract. The Offer Letter also advises that the terms of Hopkins's employment can be changed at any time without notice.

8

hourly pay at any particular rate for any particular period or any specific set of hours, or indeed, even identify the years in which he was not properly compensated or the rate at which he claims he should have been compensated. Although he alleges U.S. Bank agreed to pay its hourly paid employees an hourly wage for all hours worked" (Complaint ¶ 8), "Defendants agreed to compensate [Plaintiff(s)] for every hour worked" (*id.*, ¶ 59), and "Hopkins is/was paid an hourly wage" (*id.*, ¶ 19), nowhere does Hopkins allege that U.S. Bank was obligated to pay him or any other employee any specific hourly wage for all or certain hours, rather than the semi-monthly pay structure set forth in the Payroll Policy. The closest the Complaint comes to making such an allegation is that "U.S. Bank paid Plaintiff by the hour." (*Id.*, ¶ 10.) Yet this is still insufficient to establish anything more than that U.S. Bank calculated an effective hourly rate for purposes of overtime payments. Hopkins's Offer Letter specifically notes that Hopkins's compensation may be changed at any time. Because Hopkins has not identified an agreement that U.S. Bank would make any specific payment to him that it failed to make, his breach of contract claim must be dismissed as a matter of law. *Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan*, 721 F. Supp. 2d 663, 670 (N.D. Ohio 2010) (dismissing breach of contract claim where Plaintiff failed to plead facts sufficient to permit an inference that Defendant was liable for the misconduct alleged).

### D. **Hopkins Fails to Allege That He Was Compensated in a Manner Inconsistent with His Offer Letter and the U.S. Bank Payroll Policy**

Moreover, by the terms of the purported contract that Hopkins's Complaint *does* describe, U.S. Bank has not breached any conceivable agreement relating to his compensation. As noted, Hopkins's Complaint states that "U.S. Bank agreed to pay its hourly paid employees an hourly wage for all hours worked," (Complaint, ¶ 8), "Defendants agreed to compensate [Plaintiff(s)] for every hour worked" (*id.*, ¶ 59), and "Hopkins is/was paid an hourly wage." (*Id.*, ¶ 19.) U.S. Bank's semi-monthly pay structure, as described above, fully compensates

9

employees for every hour worked, for both "standard hours" and "exception time" on an hourly basis – whether for straight time or based upon an overtime calculation -- when an employee works hours in excess of his scheduled hours (or 86.67 "semi-monthly salary hours"). (Sippola Decl. Exh. 2.) In his pleadings, Hopkins admits that U.S. Bank paid its employees based on this policy or practice, on a semi-monthly basis. (*Id.*, ¶¶ 11-14.) U.S. Bank necessarily used an hourly rate to calculate either additional straight time wages (for those employees who were not regularly scheduled to work 40 hours in a workweek) or appropriate overtime compensation when an employee worked hours in excess of the statutory threshold. There is nothing in Hopkins's Complaint that asserts he was not paid his annual salary, as set forth in the Offer Letter, or that he was *not* paid for "exception time" based on overtime hours worked as set forth in the Payroll Policy.

Hopkins has identified no law or contractual term requiring U.S. Bank to recalculate an effective hourly rate each year depending on the number of potential working hours in a year. The U.S. Bank pay policy states plainly that an employee's "base salary" is computed using the "standard semi-monthly hours for the pay period" and is premised on a computation of 52 weeks per year, and 24 pay periods per year. (Sippola Decl. Exh. 2.) Hopkins has failed to allege that U.S. Bank failed to adhere to the Payroll Policy during his employment. In the absence of any allegation that U.S. Bank failed to comply with any *other* conceivable contractual obligation, Hopkins's pleadings must be dismissed as a matter of law.

### IV. CONCLUSION

In order to plead a breach of contract claim, a plaintiff must identify the specific terms of an enforceable agreement, and that plaintiff must plausibly allege that the terms of that promise were breached. Hopkins's Complaint fails to identify the terms of any contract at all, and based upon the policies and practices he reference in his pleadings, he has not conceivably described a

scenario where his former employer failed to pay him in a manner consistent with either his Offer Letter or the U.S. Bank Payroll Policy.  Accordingly, Hopkins's Complaint should be dismissed in its entirety.

        Respectfully submitted,

        *s/ Tracy Stott Pyles*
        Tracy Stott Pyles (0074241)
        tpyles@littler.com
        LITTLER MENDELSON, P.C.
        21 East State Street, 16th Floor
        Columbus, OH  43215
        Telephone: 614.463.4217

        Andrew J. Voss (MN 0241556)
        *admitted pro hac vice*
        avoss@littler.com
        Anthony de Sam Lazaro (MN 0390802)
        *admitted pro hac vice*
        adslazaro@littler.com
        LITTLER MENDELSON, P.C.
        1300 IDS Center,
        80 South 8th Street
        Minneapolis, MN  55402.2136
        Telephone: 612.630.1000

        ***ATTORNEYS FOR DEFENDANTS***
        ***U.S. BANCORP AND U.S. BANK***
        ***NATIONAL ASSOCIATION***

12

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing has been filed via the electronic filing system on July 15, 2016. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

*s/ Tracy Stott Pyles*