UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **LOU HOPKINS**, on behalf of himself and other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**U.S. BANCORP**, a Delaware for Profit Corporation, and **U.S. BANK NATIONAL ASSOCIATION, a foreign corporation,**<br><br>    Defendants. | Case No.: 1:16-cv-00552-TSB<br><br>Judge Timothy S. Black |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS &
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, LOU HOPKINS, on behalf of himself and others similarly situated (hereinafter "Plaintiff"), hereby files this Response in Opposition to Defendants' Notice of Motion and Motion to Dismiss [Doc. 12], and states as follows:

**NATURE OF THE ACTION**

This is a class action brought pursuant to Federal Rule Civil Procedure 23 seeking damages for Plaintiff and the class he seeks to represent consisting of all hourly paid employees who worked for Defendants, U.S. BANCORP, and U.S. BANK NATIONAL ASSOCIATION, (hereinafter collectively "Defendants") in the United States and continuing through the present, and who were not paid for all hours worked ("the Class"). This class action arises from Defendants' failure to fully compensate its hourly paid employees for all hours worked as agreed between the parties. Defendants entered into a compensation agreement with Plaintiff and the Class members during the last six (6) years through the present whereby Defendants agreed to compensate them an hourly wage for every hour worked. The agreement entered into between

Defendants and Plaintiff and the Class members is uniform and identical in all respects material and relevant to this action. [Doc. 1, ¶¶ 59, 60].

## SUMMARY OF THE ARGUMENT

There is no legal basis to dismiss Plaintiff's Complaint. Plaintiff's Complaint includes ample information regarding its breach of contract claim, as well as sufficient factual allegations of each element. Accepting each allegation as true, Defendants have fair notice of what Plaintiff's claim is and the grounds upon which it rests. Further, Defendants' reliance on Plaintiff's job offer letter is misplaced. Simply put, Plaintiff is not relying on the job offer letter as a basis for a contract. Furthermore, Defendants cannot ask the Court to review matters outside the pleadings. Here, the job offer letter is not central to his claim, but Defendants attempt to use the offer letter to obfuscate that actual issue before the Court of whether Plaintiff has stated a claim. For these reasons, Defendants' motion should be denied.

## MEMORANDUM OF LAW

### I. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that a pleading should be "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley*, 355 U.S. at 47, 78 S.Ct. at 103).  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), questions the sufficiency of the pleadings.  "[T]he court must consider as true the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff." *Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 429 (6th Cir. 2001).  No complaint shall be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U .S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (*per curiam* ).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.*  (citing *Twombly,* 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal,* 556

3

U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556).

## II. <u>Plaintiff's Complaint States a Claim for Breach of Contract</u>

Plaintiff's Complaint states a valid claim for breach of contract versus Defendants. "[T]he elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages." *Bihn v. Fifth Third Mortgage Co.*, 3:13-cv-00057, 2013 WL 5882063, *12 (S.D. Ohio 2013).

Plaintiff alleged that Defendants agreed to pay its hourly paid employees an hourly wage in exchange for each hour that they worked. *See* Complaint, Doc. 1, ¶¶ 8, 18 – 21, 59 (valid contract). Prior to 2016, Plaintiff and the putative class members performed work and were paid for at least 2,080 hours of work in a year. *Id.* at ¶¶ 10 – 12, 34 – 37 (performance). However, due to Defendants' miscalculation of the total work hours within certain years, Defendants failed to pay Plaintiff and the putative class members for *all* hours worked pursuant to their agreement. *Id.* at ¶¶ 13 – 15, 38 – 44, 61 (breach). Plaintiff and the putative class members bring this claim in order to recover the unpaid wages in those respective years. *Id.* at ¶¶ 16, 45 – 47, 62, 63.

In this instant case, Plaintiff's Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), and the complaint sufficiently alleges Plaintiff's and the Class' harm and damages. Accordingly, Defendants' motion should be denied.

### II.     <u>Defendants May Not Rely on the July 20, 2012 Job Offer Letter</u>

Defendants' motion impermissibly attempts to rely on a document outside of the four corners of Plaintiff's complaint.[1] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)).

Defendants have attached exhibits to its motion regarding Plaintiff's job offer. However, as mentioned above, Plaintiff is not relying on the job offer letter as a basis for its breach of contract claim. Thus, the offer letter, including the additional payroll policies, can only be submitted by Defendants in an attempt to contradict Plaintiff's claims and/or argue the merits of the claim. For example, Defendants explain that their pay policies provide for "exception time" when a non-exempt employee works additional straight time hours in excess of the standard weekly hours during the pay period. [Doc. 12, p. 5.] Defendants even boast that it "consistently pays overtime at the highest possible rate." *Id*. at p. 6. However, Defendants fail to recognize in their argument that if it divided the "annual salary" paid to Plaintiff or the Class members by 2,088 hours or 2,096 hours, it results in an hourly rate *lower* and different than what is actually listed on the offer letter, which Defendants in its Motion concede Plaintiff and the Class should have been paid. *Id.* at p. 5 (stating that the "predetermined hourly rate" is used for additional pay

---

[1] Ironically, Defendants refer to the July 20, 2012 job offer letter to argue that Plaintiff has a misunderstanding of his pay in comparison to its payroll policies. [Doc. 12, pp. 3-6.] However, the document provided states "this letter does not create a contract of employment." *Id*. at 12-1.

calculations). Defendants' use of its own "job offer" and "policies" (which should not even be considered at a motion to dismiss level) actually highlights the crux of the dispute between the parties; whether Defendants paid Plaintiff and the putative class members properly when they worked in excess of 2,080 hours within a calendar year. These types of factual disputes should not be resolved through a motion to dismiss, but should be investigated and proven in discovery.

Plaintiff is confident that the evidence will show that he and the putative class members were designated and treated as hourly paid employees and were not paid any exception time for additional hours due to the excess annual hours referenced in the Complaint. However, merit arguments like this are precisely what should be considered during discovery, and are improper when analyzing a motion to dismiss. Ultimately, Plaintiff represents that he and the class members were promised one method of compensation. Defendants disagree. This is an issue for merits discovery. Defendants' exhibits directly contradicts the allegations in Plaintiff's Complaint and is more appropriately considered within the purview of a motion for summary judgment under Rule 56. *See Mediacom Southeast LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396 (6th Cir.2012) (reversing trial court grant of motion to dismiss when trial court considered settlement agreement that directly conflicted with allegations made in the complaint).

### III. Conclusion

It is clear that Defendants' motion must be denied. In short, Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefore. Discovery and argument will thereafter add further detail. Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests the Court deny Defendants' Notice of Motion and Motion to Dismiss.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an Order Denying Defendants' Motion and Motion to Dismiss, and any further relief that this Court determines to be just and appropriate.

Dated this **10th** day of **August**, **2016**.

Respectfully submitted,

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
FL Bar No.: 0540021
*Pro Hac Vice*
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 3033-1007
Telephone:     (404)  965-8811
Direct Dial:      (404)  496-7295
Direct Fax:      (404)  496-7405
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff(s) and Putative Class*

C. Ryan Morgan, Esq.
FL Bar No.: 0015527
*Pro Hac Vice*
**Morgan & Morgan, P.A.**
20 N. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone:     (407) 420-1414
Direct Dial:      (407) 418-2069
Direct Fax:      (407) 245-3401
Email: Rmorgan@forthepeople.com
*Attorneys for Plaintiff(s) and Putative Class*

Barry D. Levy, Esq. (OH Reg No. 0018986)
**O'Connor, Acciani & Levy LPA**
1014 Vine Street, Suite 2200
Cincinnati, OH 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: bdl@oal-law.com
*Attorneys for Plaintiff(s) and Putative Class*

W. Matthew Nakajima. (OH Reg No. 0084563)
**O'Connor, Acciani & Levy LPA**
1014 Vine Street, Suite 2200
Cincinnati, OH 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: mn@oal-law.com
*Attorneys for Plaintiff(s) and Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10th** day of **August**, **2016**, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Carlos V. Leach
Carlos V. Leach, Esq.
FL Bar No.: 0540021
*Pro Hac Vice*