UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LOUIS HOPKINS, on behalf of himself and others similarly situated, | : : : | Case No. 1:16-cv-552 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| vs. | : : | |
| U.S. BANCORP, *et al.*, | : : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 12)**

This civil action is before the Court on Defendants' motion to dismiss (Doc. 12)[1] and the parties' responsive memoranda (Docs. 15, 16).

## I.  FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

This is a class action seeking damages for Plaintiff and the class he seeks to represent, consisting of all hourly paid employees who worked for Defendants in the United States, and who were not paid for all hours worked ("the Class").[2] Specifically, Defendants allegedly entered into a compensation agreement with Plaintiff and the Class

---

[1] Defendants include U.S. Bancorp and U.S. Bank National Association (collectively, "Defendants").

[2] Plaintiff began working for U.S. Bank in July 2012 as a debt collector. (Doc. 1 at ¶ 18). He was paid an hourly wage which ranged between $15 and $19 per hour worked. (*Id.* at ¶ 20).

members whereby Defendants agreed to compensate them an hourly wage for every hour worked. This class action arises from Defendants' alleged failure to fully compensate its hourly paid employees for all hours worked as agreed between the parties.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

The Complaint alleges a common law breach of contract claim. "[T]he elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages." *Bihn v. Fifth Third Mortg. Co.*, 3:13cv57, 2013 U.S. Dist. LEXIS 148891, at *16 (S.D. Ohio Oct. 16, 2013).

Plaintiff maintains that Defendants agreed to pay its hourly paid employees an hourly wage in exchange for each hour that they worked. (Doc. 1 at ¶¶ 8, 18-21, 59). Prior to 2016, Plaintiff and the putative class members performed work and were paid for at least 2,080 hours of work in a year. (*Id.* at ¶¶ 10-12, 34-37). However, due to Defendants' alleged miscalculation of the total work hours within certain years, Defendants failed to pay Plaintiff and the putative class members for all hours worked pursuant to their agreement. (*Id.* at ¶¶ 13-15, 38-44, 61). Plaintiff and the putative class

members bring this claim to recover the unpaid wages in those respective years. (*Id.* at ¶¶ 16, 45-47, 62-63).

However, Plaintiff never identifies or describes the agreement upon which he bases his claim. Plaintiff makes no allegations as to when, where, how, or by whom Defendants entered into a contractual agreement with him, or any other class member, relating to his or other employees' compensation. In the absence of facts to support the existence of an employment contract, the breach of contract claim fails as a matter of law. *See e.g., Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 521-22 (6th Cir. 2012) ("it is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.").

Although a pleading need not provide "detailed factual allegations,'…[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In an effort to resolve this case on the merits, this Court *sua sponte* orders Plaintiff to file an Amended Complaint forthwith.[3] Specifically, in order to plead a breach of contract claim, Plaintiff must identify the specific terms of a valid, enforceable agreement.

---

[3] The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993).

## IV. CONCLUSION

For these reasons, Defendants' motion to dismiss (Doc. 12) is **DENIED** without prejudice, and the Court *sua sponte* **ORDERS** Plaintiff to amend the Complaint (consistent with the foregoing), within **21 days** of the date of this Order. Failure to timely amend the Complaint will result in dismissal of this civil action.

**IT IS SO ORDERED**.

Date: 9/21/16                                                *s/ Timothy S. Black*
                                                                               Timothy S. Black
                                                                               United States District Judge