UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LOUIS HOPKINS, on behalf of himself and others similarly situated, : : | Case No. 1:16-cv-552 |
| : | Judge Timothy S. Black |
| Plaintiff, : | |
| vs. : | |
| : | |
| U.S. BANCORP, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 19)**

This civil action is before the Court on Defendants' motion to dismiss (Doc. 19)[1] and the parties' responsive memoranda (Docs. 20, 22).

## I. FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

This is a class action seeking damages for Plaintiff and the class he seeks to represent, consisting of all hourly paid employees who worked for Defendants in the United States, and who were not paid for all hours worked ("the Class").[2] Specifically, Defendants allegedly entered into a compensation agreement with Plaintiff and the Class

---

[1] Defendants include U.S. Bancorp and U.S. Bank National Association (collectively, "Defendants").

[2] Plaintiff began working for U.S. Bank in July 2012 as a debt collector. (Doc. 1 at ¶ 18). He was paid an hourly wage which ranged between $15 and $19 per hour worked. (*Id.* at ¶ 20).

members whereby Defendants agreed to compensate them an hourly wage for every hour worked. This class action advances a single breach of contract claim arising from Defendants' alleged failure to fully compensate its hourly paid employees for all hours worked as agreed between the parties. (Doc. 18, at 11–12).

In an Order denying an earlier motion to dismiss, the Court found that Plaintiff had failed to identify or describe with specificity the circumstances under which any alleged contractual agreement was formed. (Doc. 17, at 4). Plaintiff was ordered to file an amended complaint identifying the contract that formed the basis of his claims. (*Id.* at 5). In an amended complaint filed October 12, 2016, Plaintiff stated that, following his initial job interview with U.S. Bank, Brandon Singleton, a manager in the Residential Mortgage Default Management Department, offered him a job. (Doc. 18, at 3). Furthermore, "Mr. Singleton specifically told [Plaintiff] that the job was an hourly position starting at approximately $15 per hour, plus benefits. . . . Mr. Singleton promised [Plaintiff] $15 per hour for every hour worked." (*Id.* at 4).

In addition to this conversation, the amended complaint incorporates by reference a letter which was sent to Plaintiff following his initial job interview. That letter, written by Linda Mitchell, an employee with U.S. Bank human resources, extended a conditional offer of employment to Plaintiff. (Doc. 12-1, at 2). In a section titled "Offer Details," Plaintiff's salary was listed as "$32,614.40 Annually, $15.68 Hourly." (*Id.* at 3). That letter explicitly stated that it "[did] not create a contract of employment." (*Id.*). The letter also stated that Plaintiff would be an at-will employee and that "the terms of [his]

employment, compensation or benefits may change at any time, without advance notice or consent." (*Id.*).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,'

3

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

It is evident from the pleadings that, even accepting the allegations of the amended complaint as true, no contract was reached between the parties. "[T]he elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages." *Bihn v. Fifth Third Mortgage Co.*, 3:13-cv-00057, 2013 WL 5882063, *12 (S.D. Ohio 2013). A binding contract exists only if its terms are definite and certain. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 575 N.E.2d 134 (1991). If "essential terms are not present, then it is not a valid agreement, but rather an agreement to make an agreement." *Outland v. Heritage Custom Const.*, 2002 Ohio 6595, ¶ 29, 2002 WL 31715036, *4 (Ohio Ct. App.) (*citing Alligood v. Procter & Gamble Co.*, 72 Ohio App.3d 309, 594 N.E.2d 668 (1991)). Enforceable employment agreements relating to certain terms may be implied based on all the facts and circumstances, the customs and course of dealings between the parties, company policy, and other relevant factors. *See Condon v. Body, Vickers & Daniels*, 649 N.E.2d 1259, 1263 (Ohio Ct. App. 1994) (citing *Mers v. Dispatch Printing Co.*, 483 N.E.2d 150, 154 (Ohio 1985)).

4

Plaintiff's response to the motion to dismiss identifies, as the offer and acceptance creating the contract in this case, the conversation after the job interview where Plaintiff was offered a position that "was an hourly position starting at approximately $15 per hour, plus benefits." (Doc. 18, at 4). However, the terms of that alleged agreement are too indefinite to be the basis of a binding contract. Plaintiff's own retelling of the alleged agreement confirms that there was no agreement as to the exact wage Plaintiff would be paid, the most essential term of an employment contract. Furthermore, this alleged agreement contained a nebulous promise for "benefits" that contained no further details. The important details of Plaintiff's wage and benefits did not receive elaboration until Plaintiff received his conditional employment offer from U.S. Bank sometime after his interview took place. That letter, which expressly disavowed the creation of a contract, cannot itself be the basis for any alleged contract to pay Plaintiff hourly.

The indefiniteness of the agreement as alleged by Plaintiff is sufficient to defeat Plaintiff's breach of contract claims. However, even were the Court to remove the ambiguity from the conversation relayed in the amended complaint and hold that there was an unwritten contract entered into after Plaintiff's interview to pay Plaintiff exactly $15 per hour, the pleadings demonstrate that there would be no breach of such a contract in this case. Plaintiff's amended complaint references payroll documents reflecting how much plaintiff was paid during his tenure at U.S. Bank. Defendant gave Plaintiff an annual salary, but also broke that number down into an hourly wage. Plaintiff's lowest salary (as calculated hourly) during his tenure with U.S. Bank was $15.68 per hour at the time he was hired; that salary increased several times during his tenure with U.S. Bancorp

5

and was most recently $19.60 per hour. (*See* Doc. 18-1). Plaintiff's complaint alleges that he was paid an annual salary based on Defendant's calculation of 2080 working hours per year when the true number of working hours per year was either 2088 or 2096, leaving either 8 or 16 hours per year unpaid (this difference is based on the difference between 52 weeks and 365 (or 366) days). (Doc. 18, at 7). Even at Plaintiff's lowest salary, 2080 hours at $15.68 per hour is greater pay than the 2096 hours at $15 per hour that Plaintiff has alleged he was promised. Defendant more than adequately compensated Plaintiff even if the oral agreement alleged by Plaintiff is considered a binding contract.[3]

Accordingly, the claims in Plaintiff's amended complaint (Doc. 18) are dismissed.

## IV. CONCLUSION

Accordingly, for the reasons outlined above, Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** The Clerk shall enter judgment accordingly, whereupon this case shall be **CLOSED** in this Court.

**IT IS SO ORDERED.**

Date: 8/17/17

Timothy S. Black
United States District Judge

---

[3] The Court also notes that, even were Plaintiff's claims not dismissed on the merits, Plaintiff's allegations concerning the nature of the contract between himself and U.S. Bank demonstrate that the claims of the potential class members identified by Plaintiff do not share a commonality necessary to meet the standards for class certification under Federal Rue of Civil Procedure 23. Plaintiff claims that a contract was created in an oral conversation with a U.S. Bancorp manager following his initial job interview. This alleged conversation cannot form the basis for contracts with the tens of thousands of putative class members who also worked for U.S. Bancorp. A reviewing finder of fact would have to determine for each individual class member whether a similar conversation was had with an authority figure at U.S. Bancorp and what promises were or were not made with regards to each person. This highly individualized inquiry would make class certification impractical even were Plaintiff's own claims to survive dismissal.